## Noll Appeal

*Liever, Hyman & Potter*, for appellant.

*Ryan & Russell*, for respondent.

*John E. Ruth*, County Solicitor, for election board.

HESS, P. J., May 18, 1962.—On March 16, 1962, Woodrow H. Noll, petitioner, filed an appeal from the decision of the county board of elections made March

15, 1962, recertifying Earl M. Seidel as duly elected to the office of tax collector of Ruscombmanor Township. The verification to appellant's petition was sworn to and subscribed on March 12, 1962, at which time a blank space appeared in paragraph five thereof. Subsequent to the decision of the county board of elections on March 15, the space was filled by inserting "March 15", and thereafter the petition was filed. Earl M. Seidel has filed a motion to quash the appeal, and the county solicitor, appearing in behalf of the board, has filed an answer containing new matter requesting the same action. The basis for both requests is the admitted fact that the petition was verified on a date prior to the date that it was completed and contains a fact which was inserted after verification.

We have no hesitation in finding that the verification of appellant to the appeal petition was in fact faulty. It did not and could not include verification of the date which was subsequently added. "A pleading should not be verified until it has been completed and its actual contents are known to affiant, and, if a pleading is verified too soon, the effect is to nullify the verification, and leave the pleading as though it had never been verified": 71 C. J. S., Pleading, §358. We conclude that the petition must be considered in the same category as though in fact it had never been verified. One problem remains. Must the appeal be quashed for reason that the petition was defective or may it be amended?

Whether the paper filed be considered a petition or a pleading, verification is required in either instance by the Pennsylvania Rules of Civil Procedure. For petitions, the requirement is set forth in Rule 206, and for pleadings, in Rule 1024. In fact, prior to the existence of the rules mentioned, the Act of April 9, 1915, P. L. 72, sec. 1, 12 PS §514, required that petitions be verified. Neither the rules nor the Act of April 9, 1915,

refer to the question of amending faulty verifications. Rule 1033 permits pleadings to be amended, and Rule 126 provides that "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." It is logical, in the interest of uniformity, that similar practices should be followed with regard to the merits of verification, whether the subject matter be petitions or pleadings: 2 Anderson Pa. Civ. Pract. 82.

"Pleadings are ordinarily signed and verified prior to their filing. But a failure properly to verify a pleading may ordinarily be remedied thereafter. Thus, statutes permitting amendments have been held to be sufficiently broad to permit a pleading, defectively verified to be verified in open court at the trial. On the other hand, where a proper verification is jurisdictional and service is constructively made by publication and the defendant does not appear, it has been held that a totally insufficient verification, by one other than the person authorized by statute, may not be remedied after the publication of notice": 41 Am. Jur. 487, §286. In the instant case, we cannot conclude that verification is jurisdictional. See also 29 P. L. Encyc., Pleading, §8. While it would at first glance appear that President Judge Sheely arrived at an opposite conclusion in the case of Taylor Township Election, 79 D. & C. 193, we are satisfied that the decision in that case is in accord with the authorities we have cited. In the Taylor case, the petition, including a defective verification, requested the opening of ballot boxes. The Election Code of June 3, 1937, P. L. 1333, sec. 1701(a), 25 PS §3261, provides that ballot boxes may be opened upon petition of three qualified electors of the election dis-

trict, but requires ". . . a petition duly verified by them." In that instance, we can understand that verification is jurisdictional and may not be subject to amendment. In the present case, the appeal is to the court pursuant to the provisions of section 1407 of the Election Code (25 PS §3157), which section in effect provides for the filing of an appeal within two days after the decision of the board and states that: ". . . Upon the payment to the prothonotary of a fee of $3.00 for filing such appeal, a judge of the court shall fix a time and place for hearing the matter in dispute. . . ." Clearly, verification is not jurisdictional in this instance. "Rule 206 (R. C. P.) merely states that the petition and answer averring matter not of record shall be verified but does not restrict the authority of the court to consider the matter if there is no verification or a defective verification. Cases under the prior practice giving full and literal effect to the Act of 1915 by holding the verification jurisdictional are therefore not to be followed": 2 Anderson Pa. Civ. Pract. 82, 83, under note 30.

For the reasons set forth in this opinion, while we find that the verification to appellant's petition is defective, we conclude that we should in justice permit him the right to amend his petition by supplying a proper verification. Costs in the case up to and including the filing of this opinion should, in fairness, be paid by petitioner.

And now, to wit, May 18, 1962, it is ordered that the petition and appeal be quashed unless within ten days of the date of this order Woodrow H. Noll amends his petition by supplying a legally sufficient verification thereto and pay costs of suit to date. Upon the filing of the amendment and payment of costs, the parties may request a date to be fixed for a hearing on the merits of the matters raised in the petition.